United States District Court
Southern District of Texas
FILED

FEB 25 2022

Nathan Ochsner, Clerk

United States District Court
Southern District of Texas
ENTERED
February 25, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JESUS F. TORRES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:21-CV-0141 |
| | § | |
| AMERICAN ZURICH INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION

Plaintiff JESUS F. TORRES, proceeding pro se, seeks judicial review of a final decision by the Texas Workers' Compensation Commission (the "TWCC") denying his claim for workers' compensation benefits under his employer's insurance policy. (Dkt. No. 2). The insurance carrier, Defendant AMERICAN ZURICH INSURANCE COMPANY, has now filed a Motion to Dismiss (Dkt. No. 17) for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that diversity jurisdiction is missing insofar as the $75,000 amount-in-controversy requirement has not been met. In the alternative, Defendant moves to dismiss under Rule 12(b)(6) for the failure to state a claim insofar as Plaintiff failed to appeal the TWCC's decision within the timeframe prescribed by the Texas Labor Code. Plaintiff has filed a response. (*See* Dkt. No. 19). The Motion to Dismiss is ripe for consideration.

This case was referred to the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1). After review of the parties' briefing, the record, and the relevant law, the Magistrate Judge RECOMMENDS that the Motion to Dismiss (Dkt. No. 17) be GRANTED insofar as Defendant moves for relief under Rule 12(b)(1). Accordingly, the Magistrate Judge further RECOMMENDS that this case be DISMISSED for lack of subject-matter jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

At the time of the incident underlying this case, Plaintiff was employed as a boilermaker for Zachry Holdings at a natural gas processing plant in Louisiana. (Dkt. No. 14-2 at 3, 6, 10). On the morning of October 29, 2019, Plaintiff was working at the plant when he and other workers were exposed to noxious gas. (*Id.* at 6-7). Plaintiff lost consciousness and was taken to a hospital for evaluation. (*Id.*). He was released from the hospital later that day and went back to work the next day. (*Id.* at 8). According to a supervisor, Plaintiff did not appear to have any problems performing his duties on return. (*Id.*). Within a couple of weeks, however, Plaintiff began reporting various symptoms which he blamed on the gas exposure. (*Id.*). Plaintiff continued to work full time until December 11, 2019, when he injured his finger on the job. (*Id.*). Zachry Holdings terminated him days later for the stated reason that he failed to report that injury. (*Id.*).

Plaintiff made a claim for disability payments under Zachry Holdings' insurance policy in relation to the gas exposure, but that claim was denied on April 27, 2020. (*See* Dkt. No. 2 at 4).

Plaintiff then sought review of the denial before the TWCC. (Dkt. No. 14-2 at 3, 5, 9). An administrative law judge held that Plaintiff did not suffer a compensable injury on October 29, 2019, and thus that he had no disability beginning April 27, 2020 (i.e., the date on which his claim for benefits was denied) through the date of the contested case hearing. (*Id.* at 10-11). The decision was affirmed by a TWCC appeals panel on February 5, 2021. (*Id.* at 1).

On April 6, 2021, Plaintiff filed a copy of the complaint for judicial review.[1]

---

[1] That was in a Miscellaneous Action related to an application to proceed in forma pauperis. *Torres v. American Zurich Insurance Company*, Action No. 7:21-MC-0037. The application was filed on March 9, 2021. *Id.*, Dkt. No. 1. Submitted with the application were copies of filings and records pertaining to the TWCC appeal and a request for waiver of service of summons. *See id.*, Dkt. Nos. 1, 1-1, 1-2, 1-3; *see also id.*, Dkt. Nos. 2, 2-1, 2-2, 2-3, 2-4. Missing, however, was any document resembling a complaint. Ruling that Plaintiff had failed to comply with the pleading standards under the Federal Rules of Civil Procedure, the Honorable Juan F. Alanis, United States Magistrate Judge, ordered Plaintiff to complete and submit a form complaint. *Id.*, Dkt. No. 3. On April 6, 2011, Plaintiff filed a complaint using the ordered form. *Id.*,

Service was eventually ordered on Defendant (*see* Dkt. Nos. 5, 8, 9, 13), who filed a combined answer and motion to dismiss (Dkt. No. 14). Noting several procedural deficiencies with that filing, the Magistrate Judge ordered Defendant to file an amended motion. (Dkt. No. 15 at 1-2). The Magistrate Judge also advised Plaintiff that the local rules afforded him 21 days to file a response to any amended motion or the motion would be deemed unopposed. (*Id.* at 2).

On November 23, 2021, Defendant filed the pending Motion to Dismiss. (Dkt. No. 17). The Motion to Dismiss was served on Plaintiff via certified mail on the morning of November 26th. (Dkt. No. 21-1). That same afternoon, Plaintiff responded to the Motion to Dismiss by filing a copy of a letter he received from the Social Security Administration addressing his entitlement to disability benefits. (Dkt. No. 19).

## II. COMPLAINT ALLEGATIONS

Through the complaint, Movant makes the following statement of his claim:

> On October 29, 2019[,] I . . . was injured in my job, there was a chemical leak. I became severely ill and required immediate emergency care. The [insurance] carrier (American Zurich [Insurance Company] approved the claim then later denied it based on a peer review by John Obermiller, M.D., who stated I did not have a compensable injury.

(Dkt. No. 2 at 4). In terms of relief, Plaintiff offers as follows:

> [Defendant] denied my claim on April 27, 2020 [for a] weekly amount of $688.00. Since then [it has] been one year[,] [t]otaling in the amount of $33,024. I am still under [the] care [of Dr. Yazji]. He still hasn't given [me] my impairment rating. He encouraged me to apply for disability. I believe it would be double the amount of $33,024.00.

(*Id.*). As of the date of the filing of the complaint, therefore, Plaintiff appears to request workers' compensation payments under the insurance policy totaling to $33,024.

---

Dkt. No. 4. Judge Alanis granted Plaintiff's in forma pauperis application on April 12, 2021, directing the Clerk of Court to formerly open the instant civil action based on the filing date of April 6, 2021, or the date that Plaintiff submitted the form complaint. *Id.*, Dkt. No. 5 at 3.

## III. LEGAL STANDARDS

### A. Rule 12(b)(1)

Under Rule 12(b)(1), a party may move to dismiss a case for the lack of subject-matter jurisdiction, Fed. R. Civ. P. 12(b)(1), that is, the statutory or constitutional power of the district court to adjudicate a plaintiff's claims, *Home Builders Ass'n of Miss., Inc., v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). In resolving a Rule 12(b)(1) motion to dismiss, a district court may consider (i) the complaint alone, (ii) the complaint supplemented by undisputed facts in the record, or (iii) the complaint supplemented by undisputed facts together with the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). The party asserting jurisdiction has the burden of proof on a Rule 12(b)(1) motion to dismiss. *Id.* Where a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, a district court should address the jurisdictional attack before any other bases for dismissal. *Id.*

### B. Diversity Jurisdiction

One type of subject-matter jurisdiction is diversity jurisdiction, which is properly invoked where a suit is between citizens of different states and the amount in controversy is over $75,000 exclusive of interest and costs.[2] 28 U.S.C. § 1332(a)(1). The amount in controversy is determined at the time of the filing of the complaint. *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (per curiam) (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)). A district court will typically assess the complaint under the "legal certainty" test, declining jurisdiction should it appear to a legal certainty that the claim is really for less than the jurisdictional amount. *St. Paul Reinsurance*, 134 F.3d at 1253 (quoting *St. Paul Mercury Indem.*

---

[2] Although a workers' compensation claim may not generally be removed based on diversity, *see* 28 U.S.C. § 1445(c), "jurisdiction exists under the same conditions as for other state law claims when the action for review is initially brought in federal court . . . ." *Garcia v. B.C. Rest. Ltd.*, 2010 WL 1790204, at *2 (S.D. Tex. May 4, 2010) (citing *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 169 (1997)).

*Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)) (quotations omitted). If made in good faith, and unless the law applies a different rule, the sum claimed by a plaintiff will control. *Id.* That said, a plaintiff's conclusory assertions that the amount exceeds $75,000 fail to satisfy the test, *see id.* at 1253-54, as do conclusory assertions that damages are less than the amount, *see Nat'l Security Fire & Cas. Ins. Co. v. Henton*, 2012 WL 13163549, at *4 n.4 (E.D. Tex. June 8, 2012) (collecting cases), *report and recommendation adopted*, 2012 WL 13162905 (E.D. Tex. July 2, 2012).

"Where a plaintiff alleges an indeterminate amount of damages or pleads bare allegations of jurisdictional facts, the Fifth Circuit has found it helpful to apply the procedures developed in cases concerning removal from state court to federal court, where the amount in controversy is in dispute." *Ousley v. Ramirez*, 2019 WL 220282, at *4 (N.D. Tex. Jan. 15, 2019) (citing *St. Paul Reinsurance*, 134 F.3d at 1253); *see also Southern-Owners Ins. Co. v. Tomac of Fla., Inc.*, 2009 WL 7797049, at *2 (S.D. Tex. Oct. 20, 2009) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995), *cert. denied*, 516 U.S. 865 (1995)). Under these procedures, a district court will begin by examining the complaint to determine whether it is "facially apparent" that the claims exceed $75,000. *St. Paul Reinsurance*, 134 F.3d at 1253. If not facially apparent, the court may then rely on summary-judgment type evidence to determine the jurisdictional amount. *Id.*

In an insurance dispute involving the denial of coverage, the amount in controversy is determined by the value of the underlying claim, unless the claim exceeds the policy limits, in which case the policy limits are determinative. *Lowe v. First Fin. Ins. Co.*, 2015 WL 753139, at *3 (W.D. Mo. Feb. 23, 2015) (citing 1A Federal Procedure, Lawyers Edition § 1:461 (2014)); *see also Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908, 911-12 (5th Cir. 2002) (per curiam). Where the extent of the insurer's obligation is at issue, a district court will look to the time when the action commenced, in accordance with the familiar rule, to determine the amount in

controversy. *Honeywell Int'l, Inc. v. Phillips Petroleum Co.*, 415 F.3d 429, 431-32 (5th Cir. 2005).

Only the value of accrued payments—not future payments—are considered for such purposes.[3]

*See Travelers Ins. Co. v Greenfield*, 154 F.2d 950, 952 (5th Cir. 1946); *see also Jones v. Bockstruck*, 2007 WL 1836652, at *2 (W.D. La. June 27, 2007); *Shoemaker v. Sentry Life Ins. Co.*, 484 F. Supp. 2d 1057, 1058 (D. Ariz. 2007) (collecting cases). As one district court explained—

> [t]his "arcanum of federal jurisdiction," *Shoemaker*, 484 F. Supp. 2d at 1058, applies "even though the judgment will be determinative of the company's liability for future installments." 14AA Wright & Miller, Fed. Prac. & Proc. Juris. § 3710 (4th ed.). The rationale for this rule is that the amount in controversy depends on the value of the claim at the moment an action commences. Since the payment of future benefits is inherently speculative, the value of future benefits does not influence the value of the claim at the time the lawsuit begins. As another district court explained, "The claimant's health or other factors could change in the future and result in the company (1) later paying the benefits voluntarily or (2) being admittedly justified in not paying benefits. A judgment based on the claim for amounts due . . . is not res judicata as to liability under the policy in the future, which hinges on unpredictable facts." *Jones*, 2007 WL 1836652, at *2.

*Chauvin v. Symetra Life Ins. Co.*, 422 F. Supp. 3d 1145, 1152 (E.D. La. 2019).

## IV. ANALYSIS

While Plaintiff's allegations are relatively unclear and conclusory, it is facially apparent that his claim is not one for over $75,000.

A copy of the insurance policy does not appear in the record. But based on Plaintiff's own construction of the same, he asserts that he is entitled to disability payments of $688 per week for a total of $33,024. This would account for weekly accrued payments through roughly the entire period between April 27, 2020, when Plaintiff's claim for benefits was denied, and April 6, 2021, when Plaintiff filed the complaint in this case. An accrued total of $33,024 falls far short of the

---

[3] While the courts appear to have carved out an exception to this rule where death benefits are involved, *see Luba Cas. Ins. Co. v. JPD Real Estate, LLC*, 2020 WL 3869538, at *2 (W.D. La. July 8, 2020) (collecting cases), the compensation benefits sought here are for an ostensible workplace injury.

jurisdictional threshold. To the extent that Plaintiff seeks to recover any future payments under the policy, those simply would not be considered in determining the amount in controversy.

Plaintiff does state that he has been encouraged by his doctor to apply for disability, presumably from Social Security, which Plaintiff believes would amount to double the accrued payments, or $66,048. But this is not a Social Security appeal, and the amount of any Social Security benefits would not control in determining the amount in controversy over the terms of the insurance policy. Regardless, even this amount is less than the jurisdictional threshold.

It should also be noted that although potential punitive or statutory damages may be considered in determining the amount in controversy, *see St. Paul Reinsurance*, 134 F.3d at 1252, Plaintiff does not request such damages. Nor do they appear to be available under the Texas Labor Code in this type of case. Potential attorney's fees may also be factored in for jurisdictional purposes. *See id.* But Plaintiff is appearing here pro se. Moreover, unlike some statutory schemes, where attorney's fees may be awarded on top of any damages, under the Texas Labor Code, such fees are generally paid from the claimant's recovery. *See* Texas Labor Code § 408.221(b).

As such, the District Court should find and conclude that the amount in controversy is less than $75,000 and, therefore, that subject-matter jurisdiction by way of diversity is lacking.[4]

---

[4] Insofar as subject-matter jurisdiction is lacking, Defendant's Rule 12(b)(6) motion challenging the timeliness of Plaintiff's appeal need not be considered. *See Ramming*, 281 F.3d at 161. Nonetheless, this case is possibly barred by the Texas Labor Code's timing provisions. "A party may seek judicial review [of a workers' compensation claim] by filing suit not later than the 45th day after the date on which the division mailed the party the decision of the appeals panel." Texas Labor Code § 410.252(a). "[T]he mailing date is considered to be the fifth day after the date the decision of the appeals panel was filed with the division." *Id.* The appeals panel filed its decision on February 5, 2021. (Dkt. No. 14-2 at 1). Fifty days after that, accounting for a weekend, was March 29, 2021, yet Plaintiff filed his complaint on April 6, 2021. There is case law to support the proposition that a deadline may be equitably tolled where a plaintiff attaches a copy of their complaint to an application for in forma pauperis status and such status is eventually granted. *See Castillo v. Blanco*, 330 F. App'x 463, 468 (5th Cir. 2009) (per curiam). Plaintiff filed his in forma pauperis application on March 9, 2021—before the filing deadline—but the invocation of equitable tolling is doubtful considering that the application was not accompanied by any document containing the essential elements of a complaint. *See McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 100-01 (5th Cir. 1995).

## V. CONCLUSION

After review of the parties' briefing, the record, and the relevant law, the Magistrate Judge RECOMMENDS that the Motion to Dismiss (Dkt. No. 17) be GRANTED insofar as Defendant moves for relief under Rule 12(b)(1). Accordingly, the Magistrate Judge further RECOMMENDS that this case be DISMISSED for lack of subject-matter jurisdiction.

### *Notice to the Parties*

Within fourteen (14) days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections within fourteen (14) days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of clear error or manifest injustice.

### *Directive to Clerk of Court*

The Clerk of Court is DIRECTED to forward a copy of this report to the parties by any receipted means.

DONE at McAllen, Texas this 25th day of February 2022.

J. SCOTT HACKER
United States Magistrate Judge